1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  WALTER D. CORNWELL,                    1:07-CV-01588 AWI DLB (HC)

10                     Petitioner,         FINDINGS AND RECOMMENDATION
                                           REGARDING PETITION FOR WRIT OF
11       v.                                HABEAS CORPUS

12                                         [Doc. 1]
    CLAUDE FINN, Warden,
13
                     Respondent.
14   _____/

15
16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
17   pursuant to 28 U.S.C. § 2254.

18          Petitioner filed the instant petition for writ of habeas corpus on October 15, 2007.
19   Petitioner raises the single claim that the trial court's imposition of the upper term violated the
20   United States Supreme Court's recent decision in <u>Cunningham v. California,</u> __ U.S. __, 127
21   S.Ct. 856 (2007), finding that California's Determinate Sentencing law violated the Sixth
22   Amendment right to a jury trial based on judicial factfinding to impose the upper term sentence.

                                    <u>DISCUSSION</u>
23
24          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
25   petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the
26   petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to
27   Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state
28   remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as

1 to that ground."

2      A petitioner who is in state custody and wishes to collaterally challenge his conviction by

3 a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

4 The exhaustion doctrine is based on comity to the state court and gives the state court the initial

5 opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

6 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.

7 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

8      A petitioner can satisfy the exhaustion requirement by providing the highest state court

9 with a full and fair opportunity to consider each claim before presenting it to the federal court.

10 Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,

11 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair

12 opportunity to hear a claim if the petitioner has presented the highest state court with the claim's

13 factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal

14 basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

15 Additionally, the petitioner must have specifically told the state court that he was raising a

16 federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133

17 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court

18 violated his due process rights "he must say so, not only in federal court but in state court."

19 Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is

20 insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v.

21 Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance

22 that the "due process ramifications" of an argument might be "self-evident."); Gray v.

23 Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus

24 must include reference to a specific federal constitutional guarantee, as well as a statement of the

25 facts which entitle the petitioner to relief.").

26      Additionally, the petitioner must have specifically told the state court that he was raising

27 a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

28 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

1  Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9ᵗʰ Cir.1998).  In Duncan, the United States

2  Supreme Court reiterated the rule as follows:

3          In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
   of state remedies requires that petitioners "fairly presen[t]" federal claims to the
4  state courts in order to give the State the "'opportunity to pass upon and correct
   alleged violations of the prisoners' federal rights" (some internal quotation marks
5  omitted). If state courts are to be given the opportunity to correct alleged violations
   of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
6  are asserting claims under the United States Constitution. If a habeas petitioner
   wishes to claim that an evidentiary ruling at a state court trial denied him the due
7  process of law guaranteed by the Fourteenth Amendment, he must say so, not only
   in federal court, but in state court.

8

9  Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

10         Our rule is that a state prisoner has not "fairly presented" (and thus
   exhausted) his federal claims in state court *unless he specifically indicated to*
11 *that court that those claims were based on federal law*. See Shumway v. Payne,
   223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
12 Duncan, this court has held that the *petitioner must make the federal basis of the*
   *claim explicit either by citing federal law or the decisions of federal courts, even*
13 *if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889
   (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
14 underlying claim would be decided under state law on the same considerations
   that would control resolution of the claim on federal grounds. Hiivala v. Wood,
15 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31
   (9th Cir. 1996); . . . .
16         In Johnson, we explained that the petitioner must alert the state court to
   the fact that the relevant claim is a federal one without regard to how similar the
17 state and federal standards for reviewing the claim may be or how obvious the
   violation of federal law is.

18

19 Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

20         In the instant petition, Petitioner requests that the Court excuse exhaustion because the

21 state remedies are ineffective to protect his constitutional rights.   Petitioner is essentially arguing

22 that exhaustion of the state court remedies is futile as his claim has already been rejected.  The

23 Court does not find Petitioner's argument persuasive.

24         First, even if there is a recognized futility exception to the exhaustion requirement (see

25 Sweet v. Cupp, 640 F.2d 233, 236 (9ᵗʰ Cir. 1981) (recognizing futility exception to exhaustion of

26 state court remedies); but see Engle v. Isaac, 456 U.S. 107 (1982) (criticized futility as an excuse

27 for failing to exhaust state court remedies); Notlie v. Peterson, 9 F.3d 802 (recognizing Sweet

28 may no longer be good law in light of Engle), in denying Petitioner's state habeas corpus

3

petition, the Tuolumne County Superior Court relied on a California Court of Appeal decision in finding that the <u>Cunningham</u> decision did not apply retroactively to cases, like Petitioner's, on collateral review.  (<u>See</u> Tuolumne County Superior Court Order, at 2, citing <u>In Re Gomez</u>, 153 Cal.App.4th 1516 (2007).  On October 24, 2007, the California Supreme Court granted review. <u>See</u> <u>In re Gomez</u>, 67 Cal.Rptr.3d 465 (Cal. Oct. 24, 2007) (No. S155425).  Accordingly, in light of California Supreme Court's grant of review in the <u>Gomez</u> case, it cannot be said that it is futile for Petitioner to present his claim(s) to the state's highest court.  Accordingly, because the instant petition is unexhausted, it must be dismissed.  28 U.S.C. § 2254(b)(1); <u>Rose v. Lundy</u>, 455 U.S. at 521-522.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.	The instant petition for writ of habeas corpus be DISMISSED, without prejudice for failure to exhaust the state court remedies; and

2.	The Clerk of Court be directed to enter judgment.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 3, 2008**          _____/s/ **Dennis L. Beck**_____
UNITED STATES MAGISTRATE JUDGE

4